# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| JAY AIKEN, | |
| Plaintiff, | CIVIL ACTION NO.: CV514-097 |
| v. | |
| WARDEN GRADY PERRY; CORRECTIONAL CORPORATION OF AMERICA; COMMISSIONER BRIAN OWENS; DAMON HININGER; and MELODY TURNER, | |
| Defendants. | |

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1, p. 4.) The undersigned has conducted an initial review of Plaintiff's Complaint as required by 28 U.S.C. § 1915A. Pursuant to that review, and for the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** all claims against Defendants Correctional Corporation of America ("CCA"), Owens, Hininger, and Turner as well as any Fourteenth Amendment claims against Defendant Perry. The Court **ORDERS** that a copy of Plaintiff's Complaint and this Order be served upon Defendant Perry. The Court further provides instructions to Plaintiff and Defendant Perry pertaining to the future litigation of this action, which the parties are urged to read and follow.

**STANDARD OF REVIEW**

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires a district court to screen the prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b). Similarly, Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii).

In conducting this review, the Court must ensure that the prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A. However, in determining compliance, the undersigned is guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

In addition, the Court is guided by the opinion of the Eleventh Circuit Court of Appeals in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language in Section 1915(e)(2)(B)(ii). 112 F.3d at 1490. Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court held that the same standards for deciding whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to the initial review of prisoner complaints under Section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted Section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in Section 1915A. See Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal

pursuant to Section 1915A(b)(1) for failure to state a claim governed by same standard as dismissal for failure to state a claim under Rule 12(b)(6)).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," they are liberally construed. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends that he has suffered multiple asthma attacks and seizures while housed at Coffee Correctional Facility and was transported to Coffee Medical Center for emergency treatment for seizures on May 11, 2014. (Doc. 1, pp. 5–6.) Plaintiff alleges that he has since filed numerous grievances concerning the facility's untimely and inadequate response to his seizures and requesting additional treatment but that the Warden of the facility, Defendant Perry, has not responded to his grievances as required by prison policy. (Id. at pp. 3, 6.) Plaintiff also represents that Defendant Perry and other prison officials are aware that his asthma attacks often trigger seizures but nevertheless continue to place him in housing that is conducive to asthma attacks. (Id. at p. 6.) In addition, Plaintiff avers that on October 12, 2014, two correctional officers, in the presence of Defendant Perry, knocked out his dentures and threw him into a wall, causing him to lose his lower dentures and suffer another seizure. (Id. at pp. 6–7; Doc. 1-1, p. 5.)

On November 20, 2014, Plaintiff filed the instant Complaint against Defendant Perry as well as CCA—the entity that operates Coffee Correctional Facility—and CCA executives

3

Hininger and Turner. (Doc. 1, pp. 1, 4.) Plaintiff seeks relief pursuant to Section 1983, presumably on the basis that the alleged events at Coffee Correctional Facility violated his constitutional rights. (See id. at pp. 5–8.) As relief, Plaintiff requests a Court order requiring that Plaintiff be transferred to a safer facility and placed in protective custody and that all inmates receive proper medical care and be free from correctional officer brutality and illegal prison administration. (Id. at p. 8.) Plaintiff also seeks an award of one million dollars in compensatory damages and one million dollars in punitive damages from each Defendant. (Id.)

## DISCUSSION

To state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff's allegations implicate numerous theories of liability, and the undersigned addresses each of these in turn. This analysis applies the Standard of Review set forth above and accepts Plaintiff's nonconclusory factual allegations as true, as the Court must at this stage.

### I. Official Capacity Claims

At the outset, Plaintiff cannot sustain a Section 1983 claim against Defendant Owens in his official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such

defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendant Owens in his official capacity as Commissioner of the Georgia Department of Corrections, and, accordingly, the Eleventh Amendment immunizes this actor from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against this Defendant in his official capacity, and these claims should be **DISMISSED**.

## II. <u>**Supervisory Claims**</u>

Plaintiff also fails to state any claims for relief against Defendants CCA,[1] Hininger, Turner, and Owens in his individual capacity. In Section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Thus, to state a claim for relief against a supervisory defendant, a plaintiff must allege

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328–29 (11th Cir. 2007)).

---

[1] CCA is a private entity that contracts with the Georgia Department of Corrections to perform "a function traditionally within the exclusive prerogative of the state" and, therefore, is subject to suit under Section 1983. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (internal quotation marks omitted) (quoting Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)).

5

It appears that Plaintiff seeks to hold Defendants CCA, Hininger, and Turner liable based solely on their respective roles in supervising the employees at Coffee Correctional Facility. It also appears that Plaintiff's sole basis for liability against Defendant Owens is his supervisory position as Commissioner of the Georgia Department of Corrections. However, nothing in Plaintiff's Complaint indicates that these Defendants had any involvement in, or any custom or history resulting in, Plaintiff's medical care and loss of personal property at Coffee Correctional Facility. As a result, Plaintiff fails to plausibly suggest that Defendants CCA, Hininger, Turner, and Owens could be held liable for any potential constitutional violation arising out of the alleged events at that facility, and, accordingly, Plaintiff's claims against these Defendants should be **DISMISSED**.

### III. Fourteenth Amendment Claims

As to Defendant Perry, Plaintiff fails to state any Fourteenth Amendment violations sufficient to sustain a claim under Section 1983. The Due Process Clause of the Fourteenth Amendment "protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. Const. amend. XIV). The United States Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290–91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Significantly, the Eleventh Circuit has determined that state-created prison grievance procedures do not give rise to a liberty

interest, and, therefore, a prison's refusal to entertain an inmate grievance filed pursuant to such a procedure does not amount to a constitutional violation. See Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that the prison officials' failure to investigate and review a prisoner's administrative claims was not a violation of due process). Plaintiff's allegation that Defendant Perry has not complied with the state-mandated policy for responding to grievances falls short of stating a plausible due process violation.

In addition, the intentional deprivation of property gives rise to a due process violation when the government fails to provide an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Importantly, Georgia has created such a remedy in O.C.G.A. § 51-10-1, which allows a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's personal property—namely, his lower dentures—occurred in Georgia, Georgia law provides the appropriate remedy. Notably, there is no evidence that Plaintiff has pursued this remedy. Because Plaintiff fails to show that Defendant Perry violated his due process rights in any way, Plaintiff's claims to this end should be **DISMISSED**.

## IV. Eighth Amendment Claims

However, the Eighth Amendment's proscription against cruel and unusual punishment imposes upon prison officials a constitutional duty to take reasonable measures to guarantee the safety and health of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994); see also U.S. Const. amend. VIII. This duty to safeguard forbids prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer, 511 U.S. at 832. Additionally, it is a well-settled principle that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment" in violation of the Eighth Amendment. Whitley v.

Albers, 475 U.S. 312, 319 (1986) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)); see also Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (stating that nonfeasance in the face of another officer's use of excessive force may give rise to liability on this basis (citing Fundiller v. City of Cooper, 777 F.2d 1436, 1442 (11th Cir. 1985))).

Plaintiff's allegations, when read in a light most favorable to him, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendant Perry for alleged violations of his Eighth Amendment rights.

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **DISMISS** all claims against Defendants CCA, Owens, Hininger, and Turner and any Fourteenth Amendment claims against Defendant Perry. Because the Court finds that Plaintiff states cognizable Eighth Amendment claims against Defendant Perry, it is hereby **ORDERED** that a copy of Plaintiff's Complaint and a copy of this Order shall be served upon this Defendant by the United States Marshal without prepayment of cost. If Defendant Perry elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the Complaint within thirty (30) days of the filing of said Waiver of Reply. The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon Plaintiff.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. §

636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

Additionally, the Court gives the following instructions to the parties regarding the litigation of Plaintiff's claims which survive frivolity review:

### **INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding in forma pauperis, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant shall ensure

that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions that Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. <u>See</u> generally Fed. R. Civ. P. 26 <u>et</u> <u>seq.</u> Plaintiff does not need the permission of the Court to

begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty (50) cents per page. If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the above-mentioned rate of fifty (50) cents per page.

If Plaintiff does not press his case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact

set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the Complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are as follows: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA