**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

JAY AIKEN,

    Plaintiff,

v.

GRADY PERRY,

    Defendant.

CIVIL ACTION NO.: 5:14-cv-97

## **O R D E R**

Plaintiff, who was formerly incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Defendant filed a Motion in Limine. (Doc. 40.) On December 9, 2015, Defendant also filed a Motion for Summary Judgment. (Doc. 42.) The Clerk of Court mailed a Notice to Plaintiff advising him of the filed Motion for Summary Judgment and that a response to this Motion was to be filed by January 2, 2016. (Doc 43.) This Notice further advised Plaintiff that:

> 1. If you do not timely respond to this motion . . . , the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.
>
> 2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.
>
> 3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.) Plaintiff filed no Response to Defendant's Motion for Summary Judgment, and the Court received no indication the Notice or Defendant's Motion were undeliverable.[1] However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

For the reasons which follow, the Court **DISMISSES as moot** Defendant's Motion in Limine[2], **GRANTS** Defendant's unopposed Motion for Summary Judgment, **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND[3]

Plaintiff contends that he suffered multiple asthma attacks and seizures while he was housed at Coffee Correctional Facility and was transported to the Coffee Medical Center for emergency treatment for seizures on May 11, 2014. (Doc. 1, pp. 5–6.) Plaintiff alleges that he filed numerous grievances concerning the facility's untimely and inadequate response to his seizures and requests for additional treatment, but the Warden of the facility, Defendant Perry,

---

[1] In fact, Plaintiff has failed to file anything in this case since October 13, 2015. (Doc. 39.)

[2] Because the Court is granting Defendant's unopposed Motion for Summary Judgment, his Motion in Limine is moot. (Doc. 42, p. 5.) The Court notes, however, that the basis for Defendant's Motion in Limine—that Plaintiff cannot recover more than nominal damages in the absence of any physical injury— would be more appropriately set forth in a dispositive motion, as the Court already has advised counsel. Scott v. Dunnam, 5:14-cv-5 (S.D. Ga. Sept. 10, 2015), ECF No. 89, p. 2.

[3] The recited allegations are taken from Plaintiff's Complaint and are viewed in the light most favorable to Plaintiff, the non-moving party.

2

did not respond to his grievances, as required by prison policy. (Id. at pp. 3, 6.) Plaintiff also represents that Defendant Perry and other prison officials are aware that his asthma attacks often trigger seizures but nevertheless continued to place him in housing that is conducive to asthma attacks. (Id. at p. 6.) In addition, Plaintiff avers that on October 12, 2014, two correctional officers, in the presence of Defendant Perry, knocked out his dentures and threw him into a wall, causing him to lose his lower dentures and suffer another seizure. (Id. at pp. 6–7; Doc. 1-1, p. 5.) Plaintiff's Complaint was served on Defendant Perry on the basis of Plaintiff's Eighth Amendment deliberate indifference claims. (Doc. 20, pp. 7–8.)

## DISCUSSION

Defendant asserts Plaintiff's Complaint does not contain an allegation that Defendant was associated with physical force which was used against Plaintiff, as Plaintiff fails to allege that Defendant assaulted him or allowed others to do so. Defendant alleges Plaintiff's deliberate indifference to safety and medical needs claims fail on the merits. Additionally, Defendant contends Plaintiff failed to exhaust his administrative remedies concerning his claims against Defendant prior to filing his cause of action.[4] In support of his Motion for Summary Judgment,

---

[4] A failure to exhaust argument should be made via a motion to dismiss rather than a motion for summary judgment. Bryant v. Rich, 530 F.3d 1368, 1374–75 (11th Cir. 2008) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." (internal citation omitted)). While disposing of Defendant's Motion on this basis would be the Court's preference, counsel has made that undertaking nearly impossible. Although referenced in Lynn Davis' affidavit, (doc. 42, p. 23), counsel failed to attach a copy of the applicable Standard Operating Procedure. In addition, counsel did not submit the original copies of Plaintiff's grievances. Further, in light of these deficiencies in the record, the Court cannot discern what the institutional policy at Coffee Correctional requires an inmate to set forth in his grievance for exhaustion purposes as required by the United States Supreme Court's recent decision in Ross v. Blake, ___ U.S. ___, 2016 WL 3128839 (June 6, 2016). Of course, the Court cannot penalize counsel for failing to cite the Ross decision, because that decision was announced well after counsel filed the instant Motion. However, the Court is required to abide by this

3

Defendant relies on his Brief in Support, a Statement of Material Facts, his own affidavit, and the affidavits of three other officials with Coffee Correctional Facility.

As set forth below, the Court agrees that Plaintiff fails to establish a genuine dispute as to his claims, and Defendant's Motion is due to be granted as a result.

**I.      Standard of Review**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In

---

decision and, regardless, would have liked to have been presented with all relevant argument and supporting documentation.

determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

**II.     Plaintiff's Deliberate Indifference to Serious Medical Needs Claim**

Defendant contends he is not medically trained and only held an administrative position as Warden at Coffee Correctional. As such, he was not permitted to direct medical care or treatment at Coffee Correctional and relied on the opinions of skilled medical care providers. Defendant asserts he was not made aware of any condition of Plaintiff's being made worse by his housing assignments or unaddressed medical conditions. According to Defendant, no medical personnel advised him that Plaintiff needed special housing, and, furthermore, he did not assign Plaintiff's housing while he was incarcerated at Coffee Correctional. (Doc. 42, p. 15.)

Plaintiff's claims relating to his seizures and asthma give rise to a discussion of the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

To prevail on a deliberate indifference claim, a prisoner must demonstrate "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

"A medical treatment claim will not lie against non-medical personnel unless they were personally involved in the denial of treatment or deliberately interfered with prison doctors' treatment. Prison officials are entitled to rely on the opinions, judgment and expertise of a prison medical staff to determine a medically necessary and appropriate cause of treatment for an inmate." Baker v. Pavlakovic, No. 4:12-CV-03958-RDP, 2015 WL 4756295, at *7 (N.D. Ala. Aug. 11, 2015) (citing Williams v. Limestone Cty., Ala., 198 F. App'x 893, 897 (11th Cir. 2006)). "[It] is widely held that non-medical prison personnel are generally entitled to rely on the expertise of the medical staff and are not required to second-guess the medical staff's

judgment regarding an inmate's care." Stallworth v. Graham, No. 4:14-CV-00134-RDP, 2015 WL 4756348, at *5 (N.D. Ala. Aug. 11, 2015) (citing Johnson v. Doughty, 433 F.3d 1001, 1011 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals[.]"), and Kelly v. Ambroski, 97 F. Supp. 3d 1320, 1343 (N.D. Ala. 2015) ("[I]n the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference[.]")).

Here, Defendant asserts he held an administrative position at Coffee Correctional. Defendant also asserts he has no medical training and was not permitted to direct medical treatment at this facility. Rather, Defendant avers he had to rely on trained medical personnel to provide treatment to those inmates in need and to provide necessary information about an inmate's condition and needs. (Doc. 42, p. 28.) Defendant declares no medical personnel advised him that Plaintiff failed to receive necessary medical care, and, in fact, Defendant's understanding is that Plaintiff was seen regularly by prison medical staff and outside doctors. (Id. at pp. 28–29.) Defendant states medical staff personnel did not advise him Plaintiff required special housing due to his asthma or his seizures. (Id. at p. 29.) Defendant further states that he was not present or involved in the incident in which a former correctional officer improperly left his post during a time Plaintiff did need medical assistance, and Defendant only heard about this incident after the fact. (Id.)

The uncontroverted evidence before the Court reveals that Defendant, as the Warden at Coffee Correctional, had no medical training or expertise and relied on medical personnel to provide care and treatment to any inmate with a medical need. In addition, this uncontroverted

7

evidence reveals that, as far as Defendant was aware, Plaintiff was receiving proper care and treatment from the medical staff at Coffee Correctional, as well as from outside medical personnel. Moreover, there is no evidence before the Court that Defendant was aware that Plaintiff required special housing and ignored that requirement. In short, Plaintiff fails to create a genuine issue of any fact material to his deliberate indifference to serious medical needs claims.[5] The Court **GRANTS** this portion of Defendant's Motion.

### III. Plaintiff's Deliberate Indifference to Safety Claim

Defendant avers that the use of force incident could not have occurred because neither he nor the officers Plaintiff claims assaulted him were at Coffee Correctional on the date of the alleged incident. Defendant alleges that, even if this assault did occur, Plaintiff has failed to allege Defendant was aware of any threat to his safety.

Plaintiff's deliberate indifference to safety claims also gives rise to discussion of the Eighth Amendment's proscription against cruel and unusual punishment, which imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of

---

[5] To the extent Plaintiff contends Defendant delayed in responding to his grievances pertaining to medical treatment, that contention does not set forth a constitutional violation. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), *aff'd,* 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) (finding that a federal inmate's constitutional rights are not compromised by a prison's refusal to entertain his grievances); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983); (Doc. 19, pp. 6–7.)

Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). A prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. at 837). To prove deliberate indifference, the prisoner must show that prison

officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

Defendant asserts October 12, 2014, the date in which Plaintiff contends staff members assaulted him in Defendant's presence, was a Sunday, and he was not at Coffee Correctional on that date or at all that weekend. (Doc. 42, p. 29). Additionally, Defendant states there are no records indicating Plaintiff was assaulted by staff on that date or any other time during his period of confinement at Coffee Correctional. (Id. and at pp. 30–31, 33.)

Timothy Sweatt, the Coffee Correctional Facility investigator, declares he reviewed computer generated employee records and the unit log books and discovered Defendant and the two correctional officers Plaintiff accused of assaulting him were not at Coffee Correctional on October 12, 2014. (Id. at p. 30.) Investigator Sweatt also declares this information was confirmed by the entry accountability roster for the Facility on that date. In addition, Investigator Sweatt proclaims he reviewed all reported use of force incidents from September 2014 through December 2014, and he did not discover any use of force incidents involving Plaintiff. (Id. at pp. 30–31.)

The evidence before the Court shows that Defendant and the two officers Plaintiff alleges assaulted him were not at Coffee Correctional on October 12, 2014. Accordingly, Defendant cannot be liable for an event which could not have occurred or, at least, which Defendant did not participate in. Plaintiff fails to establish a genuine dispute as to any fact material to his deliberate indifference to safety claim against Defendant. Even assuming, *arguendo*, Plaintiff was assaulted by two staff members on October 12, 2014, and Defendant was present during the assault, the record is bereft of any allegation—let alone any evidence—which supports an assertion that Defendant knew these officers presented a serious risk of harm to Plaintiff and

ignored that risk. Defendant is entitled to summary judgment in his favor on Plaintiff's deliberate indifference to safety claim, and the Court **GRANTS** this portion of Defendant's Motion.

## IV. Putative Failure to Stop Claim

Supervisors cannot be held liable under Section 1983 on the basis of vicarious liability or respondeat superior. Nonetheless, "supervisors are liable under § 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Elmore v. Fulton Cty. Sch. Dist., 605 F. App'x 906, 917 (11th Cir. 2015). A failure to stop claim under a theory of supervisory liability only requires that the supervisor (1) have the ability to prevent or discontinue a known constitutional violation by exercising his or her authority over the subordinate who commits the constitutional violation, and (2) subsequently fails to exercise that authority to stop it. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (requiring only allegations of a "causal connection between actions of the supervising official and the alleged constitutional violation"). "The difference between a direct failure to intervene claim and a failure to stop claim under a theory of supervisory liability lies in the position and authority of the defendant with respect to the person who commits the constitutional violation." Keating v. City of Miami, 598 F.3d 753, 765 (11th Cir. 2010).

Defendant was the Warden at Coffee Correctional Facility on October 12, 2014, the date Plaintiff contends two officers assaulted him. However, the undisputed evidence discussed above reveals that Defendant was not even at the facility on the date of the assault, much less at the scene of the incident. Moreover, the facts before the Court at summary judgment reveal that Plaintiff's alleged assailants also were not at the facility on October 12, 2014, and that the assault

11

did not take place. Even accepting as true Plaintiff's contention that correctional officers threw him against a wall while Defendant was present, he fails to set forth any evidence indicating Defendant was in a position to intervene in this alleged use of force and failed to do so. Even based on Plaintiff's contentions contained in his Complaint, which Plaintiff has not supported with record evidence, any alleged use of force occurred very quickly, and Defendant would not have had the opportunity to intervene. Fils v. City of Aventura, 647 F.3d 1272, 1290 n.21 (11th Cir. 2011) ("When events occur so quickly he or she cannot intervene, an officer is not liable for another's constitutional violation."). To the extent Plaintiff set forth a plausible failure to stop claim against Defendant in his Complaint, such a claim must fail as a matter of law at the summary judgment stage.

## V. Leave to Appeal *In Forma Pauperis*

The Court also **DENIES** Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action and Defendant's Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES as moot** Defendant's Motion in Limine. The Court also **GRANTS** Defendant's unopposed Motion for Summary Judgment and **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff *in forma pauperis* status on appeal. Further, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 6th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA